HENRY LANDES et al., Respondents, v. THOMAS A. MATTHEWS, Appellant.

Kansas City Court of Appeals, May 3, 1909.

1. **COVENANTS FOR TITLE: Warranty: Eviction: Suit at Grantor's Instance.** A mere judgment of eviction will not justify a recovery by the covenantee where covenantor has no notice of the suit resulting in the eviction; but where such suit is brought at his instance he will be bound by the judgment and it is not necessary to show that the judgment of eviction rested on the paramount title existing at the time of the covenant.

2. ————: ————: **Measure of Damages: Instruction.** An instruction relating to the measure of damages for a breach of warranty in a deed is condemned in so much as it does not limit the values to the time of the date of the deed and to the market value.

3. ————: ————: **Eviction: Suit: Instruction.** It is suggested that an instruction relating to the bringing of suit should be changed in its verbiage to follow the petition instead of calling attention to the evidence showing the suit was instituted at the instance and suggestion of the covenantor.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

REVERSED AND REMANDED.

*Boyle, Guthrie, Howell & Smith* for appellant.

(1) At the conclusion of the plaintiffs' evidence and at the conclusion of all of the evidence the defendant asked a peremptory instruction. This instruction the

court should have given. The plaintiffs made no real effort to show that they had lost title to the spring in controversy, because of an outstanding paramount title, except in so far as the judgment in the ejectment suit established that fact; and they then offered evidence which they assumed tended to prove that this judgment was binding on Mr. Matthews. Wheelock v. Overshiner, 110 Mo. 108.    (2)    Plaintiffs' instruction number 2 (the only one on the merits of the case), was Bond v. Railway Co., 110 Mo. App. 131; Sundmacher v. Lloyd, 114 Mo. App. 317; American, etc., Co. v. Transit Co., 120 Mo. App. 415; Briscoe v. Railway Co., 118 Mo. App. 668; Politowitz v. Telephone Co., 115 Mo. App. 61. (3) Plaintiffs' instruction number 1 (the only one on the measure of damages), is erroneous.    (4)    The verdict in this case was grossly excessive.

*Wm. H. Woodson* and *Paxton & Rose* for respondents.

(1)    The evidence showed and the jury so found that defendant in this case employed counsel to prosecute the McBride case and that he was present consulting with attorneys and aiding and assisting in that case, and he was as much bound by the result in the McBride case as if he had been a party of record. Kountz v. Kaufman, 31 Mo. App. 397.    (2)    The measure of damages set out in plaintiff's instruction 1 was correct. Mann v. Matthews, 82 Tex. 98, 17 S. W. 927.    (3)    The verdict of the jury was within the evidence, and this court will not try the case over again here.

BROADDUS, P. J.—This suit is to recover damages for an alleged breach of covenant of warranty in a deed from defendant Matthews and wife, Effie, to the plaintiffs. The deed included a tract of about one hundred and sixty-four acres, situate in Clay county, Missouri, which was conveyed for the price of $25 per acre. There was a failure of title to about three-quarters

of an acre of the land, on which there was a spring of running water. The controversy is as to this parcel of ground.

The deed from defendant and wife to the plaintiffs was dated the 6th of January, 1903. At the date of the said conveyance, Mahlon O. McBride and Hilary E. Mosely were in possession of said parcel of ground, claiming title thereto. Plaintiffs notified defendant of the claim of McBride and Mosely to said parcel of ground sometime prior to the 5th day of October, 1904, and there is testimony in the case that at the suggestion of the defendant the plaintiffs instituted suit in the circuit court of Clay county against said McBride and Mosely to determine the interests of plaintiffs under their deed from defendant. The trial resulted in a judgment against plaintiffs and in favor of said McBride and Mosely, wherein the finding in effect was that plaintiffs were not in the possession of the ground and that they had no title or estate therein, either legal or equitable, and that at the date of the institution of said suit the said McBride and Mosely were the owners in fee and tenants in common thereof.

Evidence was introduced by the respective parties as to the value of said parcel of ground, and the plaintiffs recovered judgment for $951.97, from which defendant appealed.

At the conclusion of plaintiffs' evidence, the defendant asked the court to direct a verdict in his favor, which the court refused to do. This action of the court is asserted by defendant to be an error. The defendant claims that there was no evidence that defendant instructed the bringing of the suit in the Clay Circuit Court. The attorney, who represented plaintiffs in the suit, was S. L. Matthews, defendant's brother, and who was employed by plaintiffs for that purpose, but defendant was not present at the time he was so employed. However, it was shown that defendant advised plaintiffs to employ him. A witness was asked what defend-

ant said. The answer was, "He wanted us to employ him on account of we was looking to him for our damage and he wanted his brother to have the case on account of knowing it would be handled right, and he was perfectly capable to handle the case and we would get hold of a lawyer that didn't understand the business and we would get beat." Another witness, testifying as to what was said before defendant's brother was employed to bring the suit, stated that, "Mr. Matthews wanted the case. He said he felt interested as we was looking to his brother for damages and he wanted the case," etc. That defendant then spoke up and said, "Yes, I want you to hire my brother because I think he will feel more interested than anybody else—for that reason I would like for you to employ him." Furthermore, it was shown that defendant was present at the trial sitting with plaintiffs' lawyers while the case was being tried. Col. D. C. Allen of Liberty participated in the trial and testified that he was employed by defendant. We believe that in view of such testimony the court was justified in concluding that the suit was instituted by the authority of defendant.

The defendant contends as follows, "So far as the evidence in this case discloses, that suit might have been lost because of something that occurred after the execution of the Matthews deed. While a judgment in a suit of this kind may be evidence of an eviction, it is still incumbent upon plaintiff in a suit for breach of covenant of warranty to show that the title under which he was ousted was paramount to that of his grantor at the time of the grant." To support this theory, we are cited to the case of Wheelock v. Overshiner, 110 Mo. 100. That was a case where no notice of the adverse suit had been given. The court held that the judgment was sufficient to show eviction, but that it still remained for "plaintiff to show that the title under which he was ousted was paramount to that of his grantor." But such would not be the rule where suit was instituted at the instigation

of the defendant, wherein he is as much bound by the judgment as if he were the nominal party, he being in fact the real party to the proceedings. [Koontz v. Kaufman, 31 Mo. App. 397.] The suit was to test his right and paramount title to the land. The finding and judgment, therefore, were, in effect, that the title of the defendants in that proceeding was paramount to that of the defendant herein.

There was some confusion in the manner in which the evidence was introduced as to the value of the land in question, which can be avoided at another trial as the cause will have to be reversed for an error in an instruction given for plaintiffs.

Plaintiffs' instruction No. 1 reads as follows, "The court instructs the jury that, if you find for the plaintiffs, you will find for such part of the purchase price of the whole tract in question as the value of the part lost by plaintiffs bears to the whole tract, taking into consideration the value of the whole tract, the value of the part lost and the value of the part retained by plaintiffs without the part lost, together with six per cent. interest on the sum found from the date of the payment of the purchase price, and for the court costs," etc. The chief objection to the instruction is that it does not limit values to the time of the date of the deed in question. And the instruction should also be confined to the market value.

We believe that instruction No. 2 given for plaintiffs worked no prejudice to defendant, but it should have been limited in its recitals to the language of the petition, viz., that said ejectment suit was instituted "at the instance and suggestion of defendant" or similar language. The defect consisted in calling the attention of the jury to evidence going to show that the suit was so instituted.

Reversed and remanded. All concur.